### COLEMAN v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 28, 1952.

Charles W. Huddleston; Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

MILLIKEN, Justice.

The appellant, James Lawrence Coleman, and Nina Nance were indicted for the common-law offense of committing a public nuisance in associating together in a lewd and lascivious manner and making a public display of sexuality to the annoyance and nuisance of the citizens of Metcalfe County and to the injury of public morals. The indictment thus charges the common-law misdemeanor of "lewdness", which is defined in 33 Am.Jur., Lewdness, Section 2, page 1600: "The word 'lewdness' at common law means open and public indecency, and in order to amount to an indictable crime it must always amount to a common nuisance, committed in a public place, and seen by persons lawfully in that place."

Upon a separate trial of Coleman the jury inflicted the maximum penalty—a $5,000 fine and twelve months in jail, KRS 431.075—and the court overruled the appellant's motion for a judgment notwithstanding the verdict. Eight days after the judgment, the appellant's motion for a new trial was overruled, and the appellant was committed to jail in default of a supersedeas bond.

No objection is made in the present case to the sufficiency of the indictment, but it is urgently insisted that the evidence adduced by the Commonwealth is wholly insufficient to support the accusation. The Commonwealth's evidence established that Coleman and Nina Nance had been seen together on three specified occasions: once, when police officers stopped the appellant's automobile on a public highway near midnight on September 16, 1950, and earlier on the same day when Miss Nance was seen to enter Coleman's car; and in May, 1951, they were seen together, scantily clad, in Coleman's private apartment. There is no claim by the Commonwealth's witnesses that anything of a lewd nature was seen by them on the occasions in September, 1950. When the appellant and the woman were found together in Coleman's apartment, their bodily exposure was caused by the action of the police officials at a time when Coleman and the woman had sought the cloak of privacy. For their offense on this occasion, Coleman and Miss Nance were charged with fornication and paid fines therefor in the Edmonton Police Court. Not a single witness for the Commonwealth testified to any other acts of Coleman and Miss Nance which were, in themselves alone, lewd.

536

While there certainly is ground for the belief that the association between Coleman and Miss Nance was not a wholesome one, there is no evidence whatever of any lewd conduct on their part in a public place which was seen by persons lawfully in that place. The gravamen of the charge against Coleman is the performance of an act in public which, in itself, was lewd. The fact that he is a Negro and Miss Nance a white woman does not alter this requirement. There was no testimony as to any such act committed in public, and for that reason the appellant's motion for a judgment notwithstanding the verdict should have been sustained.

The judgment is reversed.